UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARK, an Oregon non-profit
corporation,

       Plaintiff,

       v.

GARY L. LARSEN, in his official capacity as
Forest Supervisor for the Mount Hood
National Forest, and UNITED STATES
FOREST SERVICE, an agency of the United
States Department of Agriculture,

       Defendants.

Civil No. 06-1119-AS

ORDER

HAGGERTY, Chief Judge:

       Magistrate Judge Ashmanskas issued a Findings and Recommendation [48] in this action, recommending that plaintiff's Motion to Amend [35] should be denied, defendants' Cross-Motion for Summary Judgment [26] should be granted, and plaintiff's

1   - ORDER

Motion for Summary Judgment [17] should be denied. Plaintiff filed objections to the Findings and Recommendation, and defendants responded. On July 7, 2007 the matter was referred to this court. When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review of that Findings and Recommendation. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Findings and Recommendation provided a thorough analysis of the facts. This factual analysis is not objected to by defendants, and need not be repeated here.

Plaintiff makes three objections to the Findings and Recommendation. First, plaintiff argues that it was error to find that plaintiff had not procedurally exhausted its administrative remedies as to its First and Fourth claims. Plaintiff's other objections go to the merits of its First and Fourth claims, which the Findings and Recommendation did not address because of the finding that plaintiff had not sufficiently exhausted its administrative remedies.

The Administrative Procedures Act ("APA") requires a plaintiff to exhaust available administrative remedies before bringing suit in federal court. 5 U.S.C. § 704; *Darby v. Cisneros*, 509 U.S. 137, 146-47 (1993). Statutes and regulations governing actions of the Forest Service reiterate the administrative exhaustion requirements. 7 U.S.C. § 6912(e); 36 C.F.R. § 215.2. The rationale underlying the exhaustion requirement is to avoid premature claims and to ensure that the agency be given an opportunity to exercise its expertise to resolve a claim. *Saulsbury Orchards & Almond Processing, Inc. v. Yeutter*, 917 F.2d 1190, 1195 (9th Cir. 1990). To satisfy the

exhaustion requirement, a plaintiff need not incant any magic words nor use a precise legal formulation. *Idaho Sporting Congress, Inc. v. Rittenhouse*, 305 F.3d 957, 966 (9th Cir. 2002). Instead, a plaintiff need only "provide[] sufficient notice to the Forest Service to afford it the opportunity to rectify the violations that the plaintiffs alleged." *Native Ecosystems Council v. Dombeck*, 304 F.3d 886, 899 (9th Cir. 2002).

In finding that plaintiff had not exhausted its administrative remedies, the Findings and Recommendation explained that "[p]lainitff certainly raised concerns about the impacts of timber harvest on unstable lands," as well as "the impacts that the Collawash Thinning Project might have on approximately 88 acres of land within the Collawash Watershed already designated as Riparian Reserve." Findings and Recommendation at 16. Those grievances however "are substantially different than plaintiff's present claim that other areas of the project—beyond the <u>already designated</u> 88 acres of Riparian Reserves—must also be designated as Riparian Reserves." <u>Id.</u> at 17 (emphasis in original). As a result, the Findings and Recommendation concluded, "there is no reasonable basis to expect the Forest Service to understand plaintiff's general discussion of logging unstable lands within Riparian Reserves as a challenge to the agency's previous reserve designations." <u>Id.</u>

Plaintiff argues that the Findings and Recommendation erred in finding that plaintiff had not raised the issue of Riparian Reserve designation during the administrative appeals process. Plaintiff contends that its general comments about logging on Riparian Reserves was sufficient to place the Forest Service on notice that plaintiff, was, in fact, questioning the established boundaries of the Riparian Reserves.

Consistent with the Findings and Recommendation, this court finds that plaintiff did not exhaust its administrative remedies as to its First and Fourth claims. The Findings and Recommendation noted "there is no reasonable basis to expect the Forest Service to understand plaintiff's general discussion of logging unstable lands within Riparian Reserves as a challenge to the agency's previous reserve designations." Id. at 17. No one disputes that plaintiff raised certain concerns about logging in the eighty-eight acres of designated Riparian Reserves or that plaintiff generally commented on its concerns with logging in unstable areas. Plaintiff's appeals and comments, however, never used language, precise or general, that would place the Forest Service on notice that plaintiff contested the Forest Service's decision regarding the proper designation of Riparian Reserves. Accordingly, the Forest Service had no reason to suspect that plaintiff's unlinked comments regarding Riparian Reserves and their concerns with logging in unstable areas were somehow intended to raise issues regarding the propriety of the previously designated Riparian Reserve boundaries.

Because this court agrees with the Findings and Recommendation that plaintiff did not exhaust its administrative remedies as to the First and Fourth claims, the court need not reach plaintiff's objections as to the merits of those claims.

The court has given the file of this case a *de novo* review, and has also carefully evaluated the Findings and Recommendation, the objections, and the entire record. The Magistrate Judge's reasoning and recommendations are sound, correct, and entitled to adoption.

4   - ORDER

**CONCLUSION**

This court adopts the Findings and Recommendation [48]. Accordingly, plaintiff's Motion for Leave to File Amended Complaint [35] is DENIED, defendants' Cross-Motion for Summary Judgment [26] is GRANTED, and plaintiff's Motion for Summary Judgment [17] is DENIED.

IT IS SO ORDERED.

Dated this 5th day of October, 2007.


        /s/ Ancer L. Haggerty
        Ancer L. Haggerty
        United States District Judge